1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7    UNITED STATES OF AMERICA,

8                                    Plaintiff(s),

9        v.

10    DELVIN WARD,

11                                    Defendant(s).

Case No. 2:08-CR-283 JCM (PAL)

ORDER

12

13          Presently before the court is the stipulation for defendant Delvin Ward's sentence

14    reduction, (ECF No. 1122) in *United States v. Ward et al.*, case number 2:08-cr-00283-JCM-PAL.

15          On September 16, 2016, the Ninth Circuit's mandate, (ECF No. 1123) for its order, (ECF

16    No. 1118) vacating and remanding the district court's June 24, 2015; July 27, 2015; and December

17    2, 2015, orders, (ECF Nos. 1072, 1079, and 1087) became effective.

18          On September 14, 2016, the parties filed a joint stipulation for a sentence reduction

19    pursuant to 18 U.S.C. § 3582(c)(2). The stipulation requests that this court consider "first, whether

20    it agreed with the parties that Defendant is statutorily eligible for a reduction . . . and, second, if

21    the Court had mistakenly concluded Defendant was statutorily ineligible for a reduction, to . . .

22    consider whether it should exercise its discretion to grant the reduction." (ECF No. 1122 at 5).

23    Section 3582(c)(2) gives a court discretion, after considering the factors enumerated in 18 U.S.C.

24    § 3553(a) and applicable Sentencing Commission policy statements, to reduce a defendant's term

25    of imprisonment if the underlying range used at sentencing has subsequently been lowered by the

26    Sentencing Commission. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013); *see also*

27    U.S.S.G. § 1B1.10.

28          The parties have agreed to defendant's eligibility for a discretionary reduction to the

guideline imprisonment range. (ECF No. 1122). The parties stipulate that defendant's revised

total offense level is 27 with a criminal history category of II and that the applicable advisory

**James C. Mahan**
**U.S. District Judge**

guidelines sentencing range is 78–97 months' imprisonment.  *Id* at 6.  Further, the parties agree that a midrange sentence of 85 months would be suitable, which would effectively result in a sentence of time served.  *Id.*  Arriving at this calculation, the parties suggest that guideline amendments 750 and 782 apply to the defendant.  *Id.* at 4–6.

According to the relevant judgment, defendant pled guilty to conspiracy to engage in a racketeer influenced corrupt organization, a violation of 18 U.S.C. § 1962(d).  (ECF No. 401).  Further, 18 U.S.C. § 1963(a) indicates there is no mandatory minimum duration of custody for violations of § 1962.

At sentencing, the court adopted a total offense level of 31 because of defendant's involvement with drug distribution, namely crack cocaine.  (ECF No. 478 at 4–18).  During defendant's change of plea, he admitted that "as part of the conspiracy, [he] distributed at least 140 grams of crack cocaine."  (ECF No. 477 at 25).  The guideline level for distribution of more than 50 grams, but less than 150 grams, of crack cocaine or cocaine base at the time of his change of plea was 30.  *Id.* at 15.  Neither amendment 782 nor amendment 750 have been applied to defendant's sentence.  (ECF No. 1072 at 2; *see also* ECF No. 1118).  The current guideline level provided by § 2D1.1(c)(7) for this amount of cocaine base is 26.

Sentencing guideline amendment 750 made permanent the guideline reduction of crack cocaine offense levels first established in guideline amendment 748.  *See United States v. Augustine*, 712 F.3d 1290, 1292–93 (9th Cir. 2013); *see also* U.S.S.G. Manual App. C, amend. 750 (Nov. 2011).  Next, sentencing guideline amendment 782 was, in part, motivated by the problem of overcrowded prisons and sought to alleviate that issue.  *See* U.S.S.G. Manual App. C, amend. 782 (Nov. 2014).  To that end, the amendment reduced the base offense level in §2D1.1(c)(7)—the applicable subsection for the amount of crack cocaine or cocaine base in defendant's case—to its current level of 26.  *Id.*  Thus, granting this motion would not be against the Sentencing Commission's policy goals, in light of guideline amendments 750 and 782.  *See id.*; *see also* U.S.S.G. § 1B1.10.

After considering the history of the defendant, the need for the sentence imposed, and other § 3553(a) factors, the court finds that the present sentence reduction is appropriate.  The court agrees that the defendant's revised total offense level is 27, the defendant's criminal history category is II, an imprisonment guideline range of 78–97 months is applicable, and the court will therefore amend defendant's judgment to time served.

**James C. Mahan**
**U.S. District Judge**

1

2   Accordingly,

3   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the parties' joint stipulation for a sentence reduction, (ECF No. 1122) be, and the same hereby is, GRANTED. Defendant Delvin Ward shall receive the stipulated sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

4

5

6   IT IS FURTHER ORDERED that defendant's custody sentence is amended to time served. All other provisions of the October 14, 2010, judgment, (ECF No. 401) are to remain in effect. The effective date of defendant's sentence reduction shall be September 23, 2016.

7

8   DATED September 22, 2016.

9

10

_____

UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -